UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SHAWN YOUNG,

                  Plaintiff,      10 Civ. 1701(RMB)(THK)

   -against-

                                      **MEMORANDUM OPINION AND ORDER**

CITY OF NEW YORK, et al.,

                  Defendants.
------------------------------------X



**THEODORE H. KATZ, United States Magistrate Judge.**

    Plaintiff Shawn Young brings this action under 42 U.S.C. § 1983, claiming, among other things, that he was subjected to false arrest, use of excessive force, and an illegal strip search. He has named as defendants three individual New York City police officers, as well as the City of New York.

    In August of this year the parties submitted a discovery dispute to the Court regarding Plaintiff's document request for all Civilian Complaint Review Board ("CCRB") and Internal Affairs Board ("IAB") files relating to allegations of misconduct against the individual Defendants. Initially, Defendants objected to the request, but, subject to certain limitations, agreed to produce records of substantiated allegations of misconduct of a similar nature to the allegations in this action. Ultimately, Defendants offered a further compromise, and agreed to produce the closing summaries of any CCRB or IAB investigations relating to allegations

similar to the ones at issue in this action, whether or not substantiated. Believing that this offer addressed Plaintiff's concerns, the Court concluded that such a production would be adequate. See Memorandum Endorsed Order, dated August 11, 2010.

Plaintiff now seeks reconsideration of the Court's Order, to require production of the complete CCRB and IAB files, not merely the summary conclusions, involving similar allegations of misconduct. Defendants object, primarily arguing that production of the complete files would invade the privacy interests of non-parties, and would require the production of information that was sealed pursuant to N.Y.C.P.L. §§ 160.50 and 160.55, as well as information protected by the Health Insurance Portability and Accountability Act ("HIPAA").

The Court will address the merits of Plaintiff's request, as my original ruling assumed that there was not a serious dispute over the scope of the production Defendants agreed to make in their compromise proposal.

Plaintiff contends that he requires a full history of other, similar allegations against the defendant officers in order to understand the nature of the allegations, Defendants' responses to those allegations, and to establish a Monell claim against the City arising out of its knowledge of the individual Defendants' propensities and failure to adequately address them. In addition,

2

in the pursuit of relevant information, Plaintiffs in this type of litigation frequently express the need to contact other individuals who claim to have been subjected to similar misconduct by the defendants.

It is now commonplace in the courts of this Circuit to require the production of CCRB and IAB files relating to both substantiated and unsubstantiated allegations of similar conduct. See, e.g., Gibbs v. City of New York, No. 06 Civ. 5112 (ILG)(VVP), 2008 WL 314358, at * 1 (E.D.N.Y. Feb. 4, 2008); Zhao v. City of New York, No. 07 Civ. 3636 (LAK)(MHD), 2007 WL 4205856 (S.D.N.Y. Nov. 21, 2007); Kitevski v. City of New York, No. 04 Civ. 7402 (RCC)(RLE), 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006); Barrett v. City of New York, 237 F.R.D. 39, 40-41 (E.D.N.Y. 2006); Pacheco v. City of New York, 234 F.R.D. 53, 55 (E.D.N.Y. 2006); Bradley v. City of New York, No. 04 Civ. 8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005); Malsh v. New York City Police Dep't, No. 92 Civ. 2973 (KTD)(AJP), 1995 WL 217507 (S.D.N.Y. Apr. 11, 1995); Unger v. Cohen, 125 F.R.D. 67, 70-71 (S.D.N.Y. 1989). Moreover, although not always explicit, it appears that in most of these cases the entire CCRB or IAB file was required to be produced, including the names of the complainants, subject to the invocation of privilege for specific documents. See, e.g., Gibbs, 2008 WL 314358 at *1 (requiring the City to produce IAB and CCRB files of investigations

3

of similar allegations against a police official); Zhao, 2007 WL 4205856, at *2 (permitting redaction of names and other identifying information of any non-police department employees, but not the redaction of the names of the complainants - "It follows that any complaints (and the underlying documentation) that pertain to conduct similar to that alleged by plaintiff are discoverable.); Barrett, 237 F.R.D. at 41 (requiring production of CCRB investigations, not merely the complaints, and implicitly requiring production of names of complainants as the court recognized that the documents "may lead to witnesses who have evidence that may tend to prove defendants' intent"); Pacheco, 234 F.R.D. at 55 (allowing the production of the names of other complainants -"[T]he plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct . . . ."); Fountain v. City of New York, No. 03 Civ. 4526 (RWS), 2004 WL 1474695, at *1 (S.D.N.Y. June 30, 2004) (requiring the production of CCRB and IAB records, subject to invocation of privilege as to specific documents); Malsh, 1995 WL 217507, at *2 (requiring production of CCRB and IAD files, including investigative documents, subject to invocation of privilege as to specific documents); Unger, 125 F.R.D. at 70-71 (requiring the production of civilian complaint files, including the names of the complainants).

Although the Court has not precluded the City's invocation of

privilege with respect to specific documents in the files, the City has not asserted privilege here; instead, citing N.Y.C.P.L. § 160.50(c), its primary objection is based on the privacy interests of complainants who raised similar charges of misconduct against the defendants in this action. That provision provides, in relevant part, that, upon the notification of the termination of a criminal action in favor of a defendant, the following records should be sealed:

> all official records and papers . . . relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office . . . .

N.Y.C.P.L. § 160.50(c).

> As one New York court has observed:
>
> It is worth noting that a review of the legislative intent and Practice Commentaries related to CPL § 160.50 demonstrate that the sealing statute was enacted to protect the rights of the accused from stigma, discrimination and any lasting taint that can be accompanied by criminal accusations (see generally, *McKinney's Consolidated Laws of New York Annotate*, CPL § 160.50). The law was enacted to be "consistent with the presumption of innocence" (see, Matter of Joseph M., 82 N.Y.2d 128, 131, 603 N.Y.S.2d 804, 623 N.E.2d 1154 [1993]).

In re Cent. Screening Comm. of Appellate Div., 28 Misc.3d 726, 731, 906 N.Y.S.2d 435, 438 (N.Y. Sup. Ct. 2010).

The Court is unaware of any case in which the City has

claimed, and a court has accepted, that CCRB and IAB files should not be produced because the files are subject to sealing under N.Y.C.P.L. §§ 160.50. It is likely this has not occurred because criminal defendants who lodge complaints against police officials have voluntarily placed their arrests in issue, and seek to vindicate an interest that goes beyond their acquittal of criminal charges, notwithstanding the sacrifice of their privacy rights.

The Fountain case, which Defendants cite, is inapposite, as there the plaintiffs were seeking the names of non-party arrestees contained in a police form that was viewed as an official police record that was sealed pursuant to statute. See Fountain, 2004 WL 1474695, at *2. In this case, Defendants have not asserted, and certainly have not demonstrated, that the CCRB files have been sealed pursuant to statute. Indeed, in the Fountain case, the court required CCRB and IAB files to be produced, allowing for the possibility of the invocation of the law enforcement or official information privileges with respect to specific documents in those files. Here, Defendants have not even relied on those privileges in seeking to preclude production.

In the end, the Court finds the City's purported interest in seeking to protect the privacy of individuals who filed complaints

6

against police officers to be wholly unconvincing.[1] This is not to say that it would not be reasonable to redact highly personal information in a file, as to which reasonable people could agree a complainant or police employee had a substantial privacy interest and would not wish to have widely disseminated. Defendants, however, do not appear to have reviewed the files with such a discerning eye.

Accordingly, subject to the above caveat, the Court concludes that the complete CCRB and IAB files relating to complaints or allegations against Defendants, similar to those raised in this action, shall be produced to Plaintiffs.

So Ordered.

_____
Theodore H. Katz
United States Magistrate Judge

Dated:   October 7, 2010
         New York, New York

---

[1] This concern is belied by the City's willingness to produce the closing reports of the CCRB and IAB investigations, which, the Court assumes, contain the names of the complainants and other information about their arrests.

7